

John J. A. Reynolds, Jr., Director, N. L. R. B., Memphis, Tenn., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D. C., Leonard M, Wagman, Robert E. Williams, Attys., N. L. R. B., Washington, D. C., for petitioner.

William J. Threadgill, Taylor B. Smith, Threadgill & Smith, Columbus, Miss., for respondent.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

The National Labor Relations Board here petitions for enforcement of a supplemental bargaining order issued against Conoco Plastics, a division of Continental Oil Company. After an evidentiary hearing conducted by a trial examiner,[1] the Board found that Conoco had violated section 8(a) (1) and (5) of the National Labor Relations Act, 29 U.S.C.A. § 158(a) (1), (5). It ordered the company to cease and desist from the

unfair labor practice, to bargain collectively with the union [2] which the Board had certified as the exclusive bargaining representative of Conoco's over-the-road truckdrivers, and to post appropriate notices. 177 N.L.R.B. No. 124. Considering the record as a whole, we conclude that there was substantial evidence to support the Board's supplemental decision and bargaining order. *See* Home Town Foods, Inc. v. NLRB, 5 Cir. 1969, 416 F.2d 392, 394; NLRB v. Golden Age Beverage Co., 5 Cir. 1969, 415 F.2d 26, 29, 32. Therefore, the Board's supplemental order is

Enforced.

**DOMINICA MINING COMPANY, Ltd., Plaintiff-Appellant,**

v.

**PORT EVERGLADES TOWING COMPANY, Ltd., etc., Defendant-Appellee.**

**No. 29266.**

United States Court of Appeals, Fifth Circuit.

Oct. 20, 1970.

---

1. In a previous action, this Court set aside a Board order issued against Monroe Manufacturing Company (now Conoco Plastics), a division of Continental Oil Company, and remanded the case to the Board for a hearing on certain issues. Monroe Mfg. Co., Div. of Continental Oil Co. v. NLRB, 5 Cir. 1968, 403 F.2d 197, *setting aside* 167 N.L.R.B. 1074. Subsequently the Board held a trial examiner's

hearing on the merits and issued a supplemental decision and order. National Labor Relations Act § 10(b), (c), 29 U.S. C.A. § 160(b), (c).

2. General Drivers, Salesmen and Warehousemen's Local Union No. 984, an affiliate of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

Raymond T. Greene, Miami, Fla., for plaintiff-appellant.

William C. Norwood, Miami, Fla., for defendant-appellee.

Before BELL, THORNBERRY, and CLARK, Circuit Judges.

PER CURIAM:

Affirmed.   See Local Rule 21.[1]

---

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Willie B. BURGESS, Defendant-Appellant.**

**No. 30138**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 11, 1970.

Jim Hudson, Athens, Ga., for defendant-appellant.

William J. Schloth, U. S. Atty.; Charles T. Erion, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Appellant was convicted of possessing distilled spirits on which the tax had not been paid in violation of 26 U.S.C. § 5205(a) (2) and § 5604(a). At his trial appellant testified before the jury that a government undercover agent made several visits to his home and informed appellant that a case of whiskey was needed so that it might be resold in the next county to obtain money for the agent's family which was allegedly ill

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

* ■ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.